## (November 23, 1970)

■ BERNARD L. TORMOS, JR., et al., Appellants, v. LUISA RIVERA, Respondent.—

No opinion. Munder, Acting P. J., Kleinfeld, Brennan and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and grant a new trial in the interests of justice, with the following memorandum: In this automobile negligence action, plaintiff Bernard L. Tormos, Jr., claimed that as a result of the accident an existing back condition was worsened and he was thereafter unable to work regularly. On cross-examination, the trial court permitted defense counsel to question this plaintiff about several subsequent automobile accidents in which he was admittedly involved, among them an accident involving a boy on a bicycle and one involving a pedestrian. While it is proper for one charged with having caused an injury to inquire into whether the claimant had sustained the same injury in circumstances unrelated to those at bar, it is improper to show that the claimant has had other accidents only for the purpose of establishing that he was contributorily negligent in the accident at bar (*Bowers* v. *Johnson*, 26 A D 2d 552; *Devine* v. *Keller*, 32 A D 2d 34). Defendant's cross-examination of this plaintiff as to the afore-mentioned two subsequent accidents bore, in my opinion, no relationship to the latter's alleged back injuries. It was designed merely to show this plaintiff's tendency toward automobile negligence as proof of his contributory negligence in the accident at bar and thus seriously prejudiced plaintiffs' case.